Per Curiam.

The defendant, under indictment for arson of his automobile, had orally reported to the police that the car had been stolen. A few days later, as the result of an anonymous *480 telephone call, the police became suspicions of him and asked him to come to the -precinct station house. The police detective in charge did not communicate his suspicions to defendant but presented to him a police department deposition (see Administrative Code of City of New York, § 434a-33.0, subd. c) which would confirm, under oath, the prior oral report of car theft. The defendant-was left alone to read and sign the report “ if it is so and when the detective returned and asked him why he had not signed it, he said, “ I don’t want any more trouble. I burnt my car for insurance purposes.”
At the conclusion of the suppression hearing, the court rendered an oral decision, and although agreeing with the People’s contention that defendant did not know that he was under suspicion, held that he should have been given the Miranda warnings when he was brought in. The fact of police interrogation, however, does not necessarily establish the fact of custodial interrogation; and constraint cannot be presumed from defendant’s presence in the police station, and nothing more. (People v. Yukl, 25 N Y 2d 585, 589.) Suspicion of arson, whether reasonably founded or merely conjectured, may frequently, and often routinely, be directed to the owner; but this is not to say that in a case such as this the police authorities, before proceeding further, may not ask the owner to verify his own complaint of larceny, without thereby immunizing him from effective prosecution for arson. Police suspicion of which defendant was unaware could not render the otherwise neutral environment coercive, but, in any event, “ [i]n deciding whether a defendant was in custody prior to receiving his warnings, the subjective beliefs of the defendant are not to be the determinative factor. The test is not what the defendant thought, but rather what a reasonable man, innocent of any crime, would have thought had he been in the defendant’s position.” (People v. Yukl, supra, p. 589.)
The order appealed from should be reversed and the motion to suppress denied.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with Per Curiam opinion herein. ■