THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL E. MCDOWELL, Appellant.— REYNOLDS, J.

612

Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Reynolds, J. Herlihy, P. J., and Sweeney, J., dissent and vote to modify in a memorandum by Herlihy, P. J.

HERLIHY, P. J. (dissenting). I disagree with the conclusion of the majority that the record contains evidence to support the finding that the police officer suffered "substantial pain" beyond a reasonable doubt. It should be noted that there is no contention that the officer suffered an "impairment of his physical condition". The circumstantial evidence of a blow sufficient to knock one to the ground is clearly sufficient to support the inference of some pain, but the requirement under subdivision 9 of section 10.00 of the Penal Law is "substantial" pain. The officer's description of the entire incident does not support any clear inference that the pain was substantial (cf. People v. Blake, 5 N Y 2d 118) and he did not consider himself at all disabled from carrying out his duties as a result of the blow. While police officers must be protected in carrying out their duty, it is clear that the crime of assault in the second degree for causing physical injury to a police officer (Penal Law § 120.05, subd. 3) contemplates something substantially more than a showing of physical contact. (See former Penal Law, § 242, subd. 5.) While the circumstances in some other case might be sufficient to clearly infer that the police officer suffered substantial pain, the circumstances described in the present record render any consideration of "substantial" merely speculative. The judgment should be modified so as to vacate the conviction for second degree assault and convict defendant of harassment in violation of section 240.25 of the Penal Law.