■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY A. BUCHANAN, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered December 6, 1974, upon a verdict convicting defendant of the crime of petit larceny. Determination of this appeal was withheld pending an evidentiary hearing into defendant's claimed deprivation of a speedy trial (People v Buchanan, 51 AD2d 624). That hearing has since been concluded and we will proceed to review the issues raised by defendant without unnecessarily repeating the salient facts outlined in our prior decision. The record now reveals that 14 criminal trials were commenced in Clinton County during the 19 months of apparent delay noted in our previous opinion. The then District Attorney has testified that although he was always ready to proceed to trial with the charges against this defendant, he sought to dispose of indictments in rough chronological order with due regard for individuals who were incarcerated while awaiting trial. It appears that this policy justifiably accounted for all but five of the intervening trials and, as to them, two immediately preceded the trial of the defendant and the prosecutor has offered a not unreasonable explanation why two others were sooner reached. Defendant was not incarcerated before her trial and she has never alleged any prejudice to her case by reason of the delay. Furthermore, it affirmatively appears that the prosecutor and defense counsel had reached agreement during plea negotiations, but they were unable to secure an indication from the Trial Judge that defendant would not be sentenced to a period of imprisonment upon a plea of guilty to some lesser charge. It was the uncontradicted testimony of the District Attorney that he thereafter repeatedly undertook to achieve such an understanding with the Trial Judge and believed that defense counsel wanted him to continue those efforts so that a trial might be avoided. While this is not a case of an express waiver of the right to a speedy trial, it certainly evinces something more than passive acquiescence in the delay (People v Panarella, 50 AD2d 304). No rigid standard depending solely on the length of the delay exists in these situations and, after careful review of all the pertinent factors, we are satisfied that the delay herein was not unreasonable and

that defendant was not denied a speedy trial under the circumstances presented (People v Kelly, 38 NY2d 633; People v Imbesi, 38 NY2d 629; People v Taranovich, 37 NY2d 442). We have also examined the other arguments advanced by defendant. They are equally lacking in merit and only a few of them warrant brief comment. Insufficient facts were adduced to mandate a hearing on her challenge to the panel of jurors (People v McDowell, 35 AD2d 611, mod on other grounds 28 NY2d 373); defendant was either not in custody or was not interrogated when admissions were obtained from her in the absence of Miranda warnings (People v Pugliese, 26 NY2d 478; People v Yukl, 25 NY2d 585; People v Torres, 21 NY2d 49); petit larceny was properly charged as a lesser included offense under the facts of this case; and we do not find the sentence imposed unduly harsh or excessive. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.