■ The People of the State of New York, Respondent, v Kenneth W. Bombard, Appellant. [705 NYS2d 415] —Mugglin, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered October 5, 1998, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and petit larceny.

The marital home of defendant and his wife, Melissa Bombard, was destroyed by fire in May 1996. Shortly thereafter, the Bombards separated and entered into a written agreement of separation which provided, *inter alia*, that any fire insurance proceeds resulting from the loss of their home would be divided equally. In early 1997, defendant came into possession of an insurance company check payable to himself and Bombard in the sum of approximately $546. Based upon Bombard's complaint, defendant was indicted for criminal possession of a forged instrument in the second degree and petit larceny. Defendant was convicted of both charges following a jury trial and sentenced to concurrent definite terms of imprisonment of one year. Defendant appeals.

Defendant's primary contention is that the evidence presented at trial does not establish his guilt beyond a reasonable doubt with respect to either charge. We disagree. A jury is required to review the evidence and testimony presented and determine which evidence it will credit and which evidence it will reject (*see, People v Rose*, 215 AD2d 875, 876, *lv denied* 86 NY2d 801). Thus, the jury was free to accept Bombard's testimony that she did not sign the subject check and that she did not receive any of its proceeds. Likewise, the jury was free to reject defendant's testimony that when he received the

subject check it bore Bombard's signature and that he delivered $250 of the proceeds to her. According "[g]reat deference * * * to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495), our review of the evidence in a neutral light reveals the existence of ample evidence upon which the jury could convict defendant of both charges (*see, id.,* at 495).

Defendant further questions the excessiveness of the sentence imposed by County Court, but his brief fails to substantively address this issue. Nevertheless, given the background of this defendant, we find the sentence imposed to be an appropriate exercise of County Court's discretion (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872; *People v Leigh*, 232 AD2d 904, 905, *lv denied* 89 NY2d 1037).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.