■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK A. TRACY, Also Known as SETH RUGGLES, JEFF KERNS and DAVID McGUIRE, Appellant. [749 NYS2d 610] —Rose, J. Appeal from a judgment of the County Court of Tompkins County

---

(Sherman, J.), rendered December 1, 2000, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree, criminal possession of marihuana in the fourth degree, criminal impersonation in the second degree and resisting arrest.

Defendant failed to produce a driver's license at the request of Sheriff's Deputy Parker Freshwater, and then identified himself by giving a false name. When he could not state his date of birth, he admitted to Freshwater that he had lied, but then gave a different false name. Again, defendant was unable to state his date of birth, and Freshwater directed him to step out of the vehicle and place his hands on his head. Defendant then attempted to flee, a struggle ensued and defendant was apprehended, but only after both he and Freshwater sustained injury. Sheriff's Deputy Scott Odell, who arrived to assist Freshwater, accompanied defendant to a hospital emergency room where he observed a nurse cut and remove defendant's pants, permitting two plastic bags to fall from the area of defendant's groin. Suspecting that they contained drugs, Odell seized them as evidence. Defendant was thereafter charged with assault in the second degree, resisting arrest, criminal possession of a controlled substance in the fourth degree, criminal possession of marihuana in the fourth degree and criminal impersonation in the second degree. Following a *Huntley* hearing, County Court denied defendant's motion to suppress the contents of the bags. County Court also denied defendant's motion to dismiss the indictment based on his inability to obtain a transcript of the preliminary hearing held in local court. Defendant was convicted of all charges except the assault charge, his subsequent motion to set aside the verdict on the ground that he had since discovered the preliminary hearing transcript was denied, and he now appeals.

Initially, defendant argues that County Court erred in denying his motion to suppress the substances seized at the hospital because he had a reasonable expectation of privacy in the emergency room. We cannot agree. Under the plain view doctrine, evidence may be seized when the police are lawfully in the position from which it is viewed and they have lawful access to it (*see People v Diaz*, 81 NY2d 106, 110; *People v Spencer*, 272 AD2d 682, 683, *lv denied* 95 NY2d 858). Here, Odell testified that defendant was in his custody at the hospital emergency room and described how he retrieved the bags that fell from defendant's person solely as the result of the nurse's actions. Since it is well settled that once an officer places a defendant under arrest, "[t]he officer ha[s] a right to remain literally at

[the defendant's] elbow at all times [and] nothing in the Fourth Amendment is to the contrary" (*Washington v Chrisman*, 455 US 1, 6), we find that Odell was lawfully in the emergency room at the time the bags came into plain view. Accordingly, defendant's motion to suppress was properly denied under the plain view doctrine (*see People v Spencer*, *supra* at 683).

Nor did County Court err in admitting the testimony of John Pierce, a forensic scientist who analyzed the seized substances, even though the People did not disclose his lab notes until after opening statements. In addition to being unpreserved by defendant's failure to object, we find the "violation in the instant case involves only [a] delay in turning over material and does not require reversal in the absence of substantial prejudice" (*People v Hamel*, 174 AD2d 837, 838). No such prejudice occurred here, for defense counsel was afforded more than a day to review the materials before Pierce was called as a witness, and this record does not reflect that counsel sought an opportunity to have a defense expert review them once they were provided.

Finally, we are unpersuaded by defendant's challenge to County Court's denial of his motion to set aside the verdict based on the newly discovered transcript of the preliminary hearing because we perceive no probability that the verdict would have been different if the transcript had been available at the time of trial (*see* CPL 330.30 [3]). Defendant's remaining contentions have been reviewed and also found to be unavailing.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.