■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. STRONG, Appellant. [811 NYS2d 495]—

Spain, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered July 28, 2004, upon a verdict convicting defendant of the crimes of arson in the second degree and criminal contempt in the first degree.

Defendant was arrested after he confessed to setting fire to his ex-girlfriend's apartment on Halloween night 2003 in Glens Falls, Warren County, causing property damage. According to the testimony of police officers at a suppression hearing, on the morning following the fire, defendant consented to accompany them to the police station for questioning. Upon their arrival at the station at approximately 8:45 A.M., defendant immediately gave a statement accounting for his whereabouts the evening before, which made no mention of the fire. Defendant was then given *Miranda* warnings and asked if he would consent to take a polygraph test. At that point, defendant attempted to contact an attorney, ultimately leaving a message stating that he was at the police station and had been asked to take a polygraph test. He asked the attorney to give him a call back or to come down to the station. According to the police witnesses, defendant voluntarily agreed to stay and continue talking to police even after he was unable to contact his attorney. Shortly thereafter, at approximately 10:15 A.M., defendant confessed to starting the fire and ultimately signed written statements—one of which was in his own handwriting—to that effect.

At the suppression hearing, defendant testified—in sharp contrast to the police witnesses—that he had been handcuffed to the wall during much of the interview. He gave conflicting testimony concerning at what point he was shackled and also concerning his claim that he was repeatedly denied medical assistance for anxiety attacks. He asserted at one point that he was taken to the hospital and given sedatives before he confessed.* County Court credited the version of events proffered by the police, found that defendant was not in custody

---

* Defendant is not pursuing the argument on appeal that he was sedated at the time the confessions were executed. At trial he asserted instead that he was denied medical assistance until he confessed. Following his confession, the police took defendant—upon his request—to the hospital where he sought

when he confessed and denied defendant's motion to suppress his statements.

Defendant was charged with second degree arson (*see* Penal Law § 150.15) and—stemming from an order of protection signed the day before the fire which prohibited defendant from going near his ex-girlfriend or her apartment—criminal contempt in the first degree (*see* Penal Law § 215.51 [d]). At trial, he readily admitted that he violated the order of protection in that he made contact with his ex-girlfriend at a bar on the night of the fire, but adamantly denied the arson. He was convicted by a jury on both counts and sentenced to a prison term of 22 years for the arson conviction and 1$^1$/$_3$ to 4 years for the criminal contempt conviction, to run concurrently. Defendant appeals.

We affirm. First, defendant challenges County Court's ruling that his statements were admissible, arguing that because he was in custody when he called his attorney, his indelible right to counsel had attached and his confessions made thereafter should have been suppressed. Once an uncharged individual requests counsel while in police custody, his or her constitutional rights cannot thereafter be waived without counsel present (*see People v Ramos*, 99 NY2d 27, 32-33 [2002]; *People v Cunningham*, 49 NY2d 203, 208-210 [1980]). In determining whether a person was in custody, a court must decide whether, considering the totality of the circumstances, "a reasonable person, innocent of any crime, . . . would believe that he or she was free to leave the presence of the police" (*People v Vaughn*, 275 AD2d 484, 487 [2000], *lv denied* 96 NY2d 788 [2001]; *see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Here, County Court—crediting the testimony of the police—found that defendant was not in custody when he attempted to contact his attorney, a finding which "is accorded great weight and will not be disturbed unless clearly erroneous" (*People v Vaughn, supra* at 487).

We find ample record evidence to support County Court's determination that defendant voluntarily accompanied the police to the police station and was not threatened, restrained or prevented from leaving at any time during the relatively short

treatment for anxiety. Trial testimony from medical personnel established that defendant arrived at the hospital close to 11:00 A.M. and that, although he complained of anxiety and shortness of breath, he was not suffering from any physical ailment at that time. Defendant had previously been taking medication for anxiety, but had ceased some months prior to his confession. Defendant was given a prescription for a sedative upon leaving the hospital.

period—approximately 90 minutes—between his arrival at the station and the point when he confessed to setting the fire. Defendant's status at the police station and the tone and substance of the message that defendant left for his attorney, juxtaposed against defendant's inconsistent version of these events, fully support County Court's conclusion that defendant was not in custody when he contacted his attorney and, thus, his statements were properly admitted at trial (*see People v Cleveland*, 257 AD2d 689, 691-692 [1999], *lv denied* 93 NY2d 871 [1999]).

We are also unpersuaded by defendant's claim that County Court erred by refusing to allow testimony pertaining to a phone message—allegedly left on defendant's answering machine by his ex-girlfriend's cousin—which, between obscenities and insults directed at defendant, included phrases such as "[w]e got you good tonight" and "[s]omeone took care of you." Defendant did not have the original recording, but sought to introduce the content of the message which had been collaboratively transcribed by defendant and his father. Defendant argues that the message, although hearsay, was admissible under the exception for statements from unavailable witnesses that are shown to be against the declarant's penal interest. The vague message, which makes no direct reference to the fire, was properly precluded. We agree with County Court that, even if the statement could be characterized as against the declarant's penal interest, defendant was unable to demonstrate a necessary element to admissibility under that hearsay exception, namely the existence of "circumstances independent of the statement itself . . . to attest to its trustworthiness and reliability" (*People v Settles*, 46 NY2d 154, 167 [1978]; *cf. People v Darrisaw*, 206 AD2d 661, 663-664 [1994]).

Nor do we find merit in defendant's assertion that County Court erred in denying his request to call rebuttal witnesses to refute his own witness's testimony. County Court properly precluded defendant from impeaching his own witness because defendant offered no prior signed written statements or oral statements made under oath from that witness contradicting his trial testimony (*see* CPL 60.35; *People v Henderson*, 259 AD2d 234, 239 [1999], *lv denied* 94 NY2d 948 [2000]). To the extent that defendant's argument on appeal can be construed as asserting some basis for admission of this testimony apart from impeachment purposes, we find it unpreserved for appellate review. We have considered defendant's remaining contentions—including his claim that the sentence imposed was harsh and excessive—and find no basis for disturbing the judgment of County Court.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.