■ The People of the State of New York, Respondent, v Steven R. Christopher, Appellant. [883 NYS2d 623]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 9, 2008, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and criminal possession of a forged instrument in the second degree (seven counts).

Based upon allegations that he had negotiated checks totaling approximately $43,000 drawn on the victim's credit card account by forging the victim's name, defendant was charged with one count of grand larceny in the third degree and seven counts of criminal possession of a forged instrument in the second degree. At the jury trial, the victim testified that he had not authorized defendant's use of the checks. Defendant admitted negotiating the checks, but testified that the victim had authorized him to do so as a means of providing support for the victim's two children with his ex-wife, who later became defendant's girlfriend and resided with defendant when the checks were negotiated. The jury rejected defendant's explanation and convicted him of all counts. County Court then sentenced him to concurrent terms of 2⅓ to 7 years in prison on each count and ordered him to make restitution.

Defendant now appeals, contending that the jury's verdict

was against the weight of the evidence because his testimony was more credible than the victim's. We are not persuaded. Given defendant's admission that he negotiated the checks by signing the victim's name, the sole issue for the jury was whether he had been authorized to do so. Defendant testified that the victim had given him permission as a means of conveying the funds to the victim's ex-wife to assist her with the expenses of raising the victim's children. There was, however, other evidence that much of the money obtained through the checks was not passed along to the victim's ex-wife or used for his children's benefit, and the victim denied ever authorizing defendant to draw checks on his account. In addition, defendant admitted that he withdrew some of the money for his own personal use after he had deposited it in the ex-wife's account. Although the victim's credibility was also challenged, the jury was free to accept it over that of defendant (*see People v Bombard*, 270 AD2d 648, 648-649 [2000]). Accordingly, after deferring to the jury's assessment of the credibility of the victim and defendant, we conclude that the verdict was not against the weight of the credible evidence (*see People v Allah*, 57 AD3d 1115, 1116 [2008], *lv denied* 12 NY3d 780 [2009]; *People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]).

Nor do we find merit in defendant's further arguments that the sentence improperly penalized him for exercising his right to a jury trial and that there are extraordinary circumstances warranting its reduction.

Peters, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.