██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MWATA A. BROWN, Appellant. [909 NYS2d 820]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 10, 2007, convicting defendant following a nonjury trial of the crime of grand larceny in the fourth degree.

An indictment charged defendant with grand larceny in the fourth degree for stealing the victim's income tax refund. Following a nonjury trial, County Court found defendant guilty and imposed sentence. Defendant appeals.

County Court correctly denied defendant's motion to suppress his statements to the police. To determine whether a reasonable person in defendant's position would have felt free to leave, or whether the questioning was custodial and required *Miranda* warnings (*see People v Lowin*, 71 AD3d 1194, 1196 [2010]), courts look to numerous factors, including the amount of time the police spent with the individual, whether the police restricted the person's freedom of action in any significant manner, the location and atmosphere of the questioning, the degree of cooperation the person exhibited and whether the questioning was investigatory or accusatory (*see People v Johnston*, 273 AD2d 514, 515 [2000], *lv denied* 95 NY2d 935 [2000]; *People v Hofmann*, 238 AD2d 716, 719 [1997], *lv denied* 90 NY2d 940 [1997]). A plainclothes police detective approached defendant at his workplace and they went into a private office, where the detective began with investigatory questions. Defendant cooperated by answering the questions and providing his version of events. After only 10 or 15 minutes, the detective requested that defendant accompany him to the police station. Only when defendant balked did the detective inform him that he must go or he would be handcuffed. An innocent person in defendant's position would have believed that he or she was free to leave up until that point (*see People v Lowin*, 71 AD3d at 1196). Therefore, any statements made by defendant at his workplace

were admissible. Defendant accompanied the detective to the station without being restrained, was advised of his *Miranda* rights and waived them before further questioning. Those custodial statements were admissible because defendant made them after he was informed of and waived his rights. Hence, the court correctly denied the suppression motion.

The evidence is legally sufficient and the conviction is not against the weight of the evidence. It is undisputed that defendant agreed to prepare the victim's federal income tax return, he did so and she was entitled to a refund of $1,666. Bank records prove that this amount was electronically deposited by the federal government into a bank account belonging to defendant's girlfriend and was withdrawn from the account the same day. The victim testified that she never received the money. This evidence was legally sufficient to support the conviction. In defense, defendant testified that he gave the victim the refund money in cash but did not ask for a receipt. He testified that his girlfriend accompanied him to the bank to withdraw that money and they immediately went to the victim's place of employment to pay her. The girlfriend did not recall what defendant did with the money, but remembered possibly accompanying defendant to pay tax money to a woman in a different city at a different time. Giving deference to the factfinder's credibility determinations in favor of the victim, the conviction was not against the weight of the evidence (*see People v Christopher*, 64 AD3d 1006, 1007 [2009], *lv denied* 13 NY3d 795 [2009]; *People v Bombard*, 270 AD2d 648, 648-649 [2000]).

Cardona, P.J., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.