■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RHODES, Also Known as HUMZER, Appellant. [921 NYS2d 405]—

Malone Jr., J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 26, 2007, upon a verdict convicting defendant of the crimes of rape in the first degree and rape in the third degree.

In the wake of allegations that defendant had raped a woman, he was interviewed by investigators and stated that he had engaged in sex with the victim, although he maintained that such was consensual. Defendant was subsequently charged in an indictment with various offenses and, following a *Huntley* hearing, County Court denied his motion to suppress the statements. He was convicted of rape in the first degree and rape in the third degree after a jury trial and was sentenced to an aggregate prison term of 25 years to be followed by five years of postrelease supervision. Defendant now appeals, contending that he was subjected to custodial interrogation prior to the administration of *Miranda* warnings and that, as a result, his statements to investigators should have been suppressed.

We disagree and affirm. A defendant is subjected "to custodial interrogation when, given the circumstances of the questioning, 'a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave' " (*People v Hook*, 80 AD3d 881, 882 [2011], quoting *People v Paulman*, 5 NY3d 122, 129 [2005]; *see People v Richards*, 78 AD3d 1221, 1224 [2010], *lv denied* 15 NY3d 955 [2010]). Here, on the afternoon following the rape, four State Police investigators found defendant and a witness at their workplace. Defendant voluntarily accompanied two of them to the State Police barracks to be interviewed—acceding to the investigators' preference that they travel together in so doing—and the three traveled in an unmarked vehicle. He was not restrained in any way during the 10-to-15-minute ride, and the three spoke briefly about sporting events and his whereabouts the night before, at which time defendant stated that he had been with the victim and had engaged in sexual intercourse with her.

It is also true that the investigators initially expressed interest in an assault allegedly perpetrated by the witness the night before, rather than the rape allegedly committed by defendant. Even with that deception, however, a reasonable and innocent person in defendant's position would not have believed that he or she was in custody while traveling to the barracks, as "[p]olice suspicion of which defendant was unaware could not render [an] otherwise neutral environment coercive" (*People v Pugliese*, 26 NY2d 478, 480 [1970]; *see People v DeJesus*, 45 AD3d 986, 986 [2007], *lv denied* 9 NY3d 1032 [2008]; *People v Tankleff*, 199 AD2d 550, 552-553 [1993], *affd* 84 NY2d 992 [1994]). The record supports County Court's determination that defendant was not subjected to custodial interrogation during the ride to the barracks (*see People v Murphy*, 43 AD3d 1276, 1276-1277 [2007], *lv denied* 9 NY3d 1008 [2007]; *People v Molina*, 248

AD2d 489, 490 [1998], *lv denied* 92 NY2d 902 [1998]; *People v Flecha*, 195 AD2d 1052, 1052-1053 [1993]). Inasmuch as defendant was Mirandized immediately upon his arrival at the barracks and raises no issues with regard to the questioning there, we are satisfied that County Court properly denied his motion to suppress.

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.