■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN UNDERDUE, Appellant. [931 NYS2d 784]—

Rose, J.P.

The day three people were found murdered together in an apartment, defendant gave a statement to the police in which he admitted that, the night before, he had shot each victim once in the head. Defendant was indicted on three counts of murder in the first degree and one count each of robbery in the first degree and criminal possession of a weapon in the second degree. His motion to suppress the statements he gave to the police was denied and, after a jury trial, he was convicted of each count except robbery in the first degree. County Court sentenced defendant to life imprisonment with no possibility of parole for each murder conviction and a concurrent term of 15 years in prison and five years of postrelease supervision for criminal possession of a weapon in the second degree. He now appeals.

We are not persuaded by defendant's initial argument that the oral statements he made to the police prior to receiving *Miranda* warnings were the product of a custodial interrogation and should be suppressed as involuntary. Our determination of whether a person is subject to a custodial interrogation depends on "whether a reasonable person[,] innocent of any wrongdoing[,] would have believed that he or she was not free to leave" (*People v Paulman*, 5 NY3d 122, 129 [2005]; *see People v Hook*, 80 AD3d 881, 882 [2011], *lv denied* 17 NY3d 806 [2011]; *People v Brown*, 77 AD3d 1186, 1186 [2010]). Here, defendant voluntarily accompanied the detectives to the police station to assist them with their investigation after they learned that he had been in the apartment the previous night, they then shared small talk, pizza and soda, and defendant was never restrained or restricted in his movement. He was cooperative and did not indicate any unwillingness to speak to the detectives, and he was not subjected to accusatory questioning prior to the *Miranda* warnings being given. Considering the totality of the circumstances, we find no basis to disturb County Court's conclusion that the pre-*Miranda* oral statements were not the product of a custodial interrogation (*see People v Pouliot*, 64 AD3d 1043, 1046 [2009], *lv denied* 13 NY3d 838 [2009]; *People v Dillhunt*, 41 AD3d 216, 216-217 [2007], *lv denied* 10 NY3d 764 [2008]; *People v Pulliam*, 258 AD2d 681, 682 [1999], *lv denied* 93 NY2d 977 [1999]). Accordingly, defendant's additional arguments concerning the statement he gave after voluntarily waiving the *Miranda* warnings, and the physical evidence discovered as a result, are academic.

Defendant next contends that the guilty verdicts are against the weight of the evidence. At trial, defendant attacked the validity of his detailed written statement and argued that someone else had committed the murders because the first victim was a marihuana dealer and his customers knew that the apartment contained marihuana and money. Defendant's statement, however, was thoroughly corroborated, and his contention that the extensive corroborating evidence had been planted by the unknown perpetrator to make it appear that defendant had committed the murders presented credibility issues that the jury reasonably resolved against him. Upon our evaluation of all of the evidence in a neutral light, giving deference to the jury's credibility determinations and considering the probative force of the evidence and the relative strength of the conflicting inferences that may be drawn from the evidence, the convictions were not against the weight of the evidence (*see People v Johnson*, 79 AD3d 1264, 1266 [2010], *lv denied* 16 NY3d 832 [2011]; *People v Race*, 78 AD3d 1217, 1221 [2010], *lv denied* 16

NY3d 835 [2011]; *People v Scott*, 47 AD3d 1016, 1017-1019 [2008], *lv denied* 10 NY3d 870 [2008]).

Nor are we persuaded that defendant was denied the effective assistance of counsel. He argues in retrospect that his counsel should have pursued an extreme emotional disturbance or intoxication defense. These defenses, however, would have been contradictory to the legitimate and plausible defense that was pursued by counsel, namely that the statement was coerced and defendant did not commit the murders (*see People v Baptiste*, 306 AD2d 562, 569-570 [2003], *lv denied* 1 NY3d 594 [2004]). Counsel consistently attacked the statement, questioned the evidence obtained after it had been given and presented evidence suggesting the involvement of someone other than defendant. Defendant has not shown the absence of any legitimate explanation for counsel's pursuit of this defense strategy, and a simple, hindsight disagreement with trial tactics or strategy is insufficient to establish a lack of meaningful representation (*see People v Baker*, 14 NY3d 266, 270-271 [2010]; *People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Porter*, 82 AD3d 1412, 1415 [2011], *lv denied* 16 NY3d 898 [2011]). Defendant's further contentions that counsel should have sought to preclude photographs of the victims and a video of the crime scene, and to reopen the suppression hearing, are insufficient to establish ineffective assistance of counsel, as the proposed objections and requests would likely have been futile (*see People v Timmons*, 78 AD3d 1241, 1244-1245 [2010], *lv denied* 16 NY3d 833 [2011]). Defendant's arguments that counsel failed to provide advice and consult with him regarding the available defenses concern matters outside the record and are more properly the subject of a CPL 440.10 motion (*see People v Moyer*, 75 AD3d 1004, 1006 [2010]). In light of counsel's pursuit of a plausible strategy, presentation of witnesses in support of that theory, extensive cross-examination of the People's witnesses and the appropriate objections and motions made throughout the proceedings, we conclude that defendant received meaningful representation (*see People v Clinkscales*, 83 AD3d 1109, 1110 [2011]; *People v Phelan*, 82 AD3d 1279, 1283 [2011], *lv denied* 17 NY3d 799 [2011]; *People v Varmette*, 70 AD3d 1167, 1172 [2010], *lv denied* 14 NY3d 845 [2010]).

Finally, defendant has demonstrated no extraordinary circumstances warranting a reduction of the sentence and, in light of the brutal and senseless nature of the crimes and defendant's utter lack of remorse, we are unpersuaded that there was any abuse of discretion here (*see People v Muller*, 72 AD3d 1329, 1336 [2010], *lv denied* 15 NY3d 776 [2010]; *People v Booker*, 53

AD3d 697, 704 [2008], *lv denied* 11 NY3d 853 [2008]; *People v Johnson*, 277 AD2d 702, 707-708 [2000], *lv denied* 96 NY2d 831 [2001]).

Malone Jr., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.