██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS H. VIEOU, Appellant. [966 NYS2d 284]—

Lahtinen, J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered April 26, 2011, upon a verdict convicting defendant of the crimes of rape in the second degree and endangering the welfare of a child.

In April 2010, a 14-year-old female informed the Cortland County Sheriff's Department that she had sexual intercourse earlier that day with defendant, who was then 41 years old. The next day, two officers went to defendant's home, where they informed defendant about the victim's allegations. Defendant acknowledged that he had engaged in some of the alleged conduct. He was transported to the Sheriff's Department, received *Miranda* warnings, executed a waiver, and gave a written statement. A six-count indictment ensued charging defendant with rape in the second degree and endangering the welfare of a child occurring on three separate occasions—April 2010, September 2009 and August 2009. Defendant's motion to suppress his statement to police was denied following a *Huntley* hearing. A jury acquitted him of the four counts arising from conduct alleged to have occurred in September 2009 and August 2009, but found him guilty of one count of rape in the second degree and one count of endangering the welfare of a child as a result of the April 2010 conduct. He was sentenced to concurrent prison terms of four years for rape and one year for endangering the welfare of a child, together with five years postrelease supervision. Defendant appeals.

County Court did not err in determining that defendant was not in custody when questioned by police in his home. "A suspect's custodial status is a fact-driven determination that is largely dependent on the circumstances that existed when the statements were made and focuses on 'the amount of time the person spent with the police, whether his or her freedom of action was significantly restricted, the location of the questioning and the atmosphere under which it was conducted, the person's degree of cooperation . . . and whether the questioning was investigatory or accusatory in nature' " (*People v McCoy*, 89 AD3d 1218, 1219 [2011], *lv denied* 18 NY3d 960 [2012], quoting *People v Hardy*, 223 AD2d 839, 840 [1996]). Ultimately, "[t]he standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (*People v Paulman*, 5 NY3d 122, 129 [2005]; *see People v Rhodes*, 83 AD3d 1287, 1288 [2011]).

At the *Huntley* hearing, the two officers testified that they informed defendant of the reason for their visit, were invited into his home, sat around a dining room table and engaged in small talk about various topics. Defendant was not restrained, he was cooperative and the conversation was cordial, including when discussing the victim's allegations. The questions regarding the victim were investigatory and not accusatory in tone. After about 30 minutes to an hour and defendant's acknowledgment of the veracity of some of the victim's claims, he was asked to accompany the officers to the Sheriff's Department, he agreed to go in the officers' unmarked vehicle and he was not at any time placed in handcuffs. The record amply supports County Court's determination that the People met their burden of proving that defendant's pre-*Miranda* statement at his home was not the result of a custodial interrogation (*see People v Underdue*, 89 AD3d 1132, 1133 [2011], *lv denied* 19 NY3d 969 [2012]; *People v Fitzgerald*, 257 AD2d 679, 680-681 [1999], *lv denied* 93 NY2d 899 [1999]). This renders academic defendant's further argument that his post-*Miranda* written statement given at the Sheriff's Department was tainted because it was not sufficiently attenuated from the earlier statement in his home (*see People v Underdue*, 89 AD3d at 1133).

The voluntariness of defendant's statement was also challenged before the jury (*see* CPL 710.70 [3]; *People v Johnson*, 303 AD2d 903, 907 [2003], *lv denied* 100 NY2d 539 [2003]), and he contends on appeal that the jury's determination on this issue was against the weight of the evidence. Upon weighing and considering the evidence, we are unpersuaded. Although one of

the officers involved in the investigation of defendant had retired and did not testify at trial, the testimony of the other officer who was present when defendant gave his statement provided sufficient proof under the circumstances to establish beyond a reasonable doubt the voluntariness of defendant's statement (*see generally People v Witherspoon*, 66 NY2d 973, 974 [1985]).

Peters, P.J., Rose and Garry, JJ., concur. Ordered that the judgment is affirmed.