■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD HENRY, Respondent. [980 NYS2d 594]—

Stein, J. Appeal from an order of the County Court of Albany County (Lynch, J.), entered November 7, 2013, which, among other things, granted defendant's motion to suppress his statements.

In September 2011, New York State Police Investigator Peter Kozel became aware of a report that suspected images of child pornography were being accessed through the Internet. An investigation into the report led Kozel to an IP address with a subscriber's name and address in the City of Cohoes, Albany County, as well as an Internet domain name belonging to defendant. As a result, Kozel and another investigator went to defendant's workplace and asked to speak with him. While there, defendant and the investigators initially spoke in an office. However, because the office was not private or secure, Kozel asked defendant if he was willing to accompany them to the police station. Defendant agreed and the investigators transported him to the police station, where they resumed their questioning in an interview room. Kozel first asked defendant where he lived and then inquired about his Internet service. After defendant confirmed that his residence matched the Cohoes address in the report and indicated that he accessed the Internet through

his landlord's account,[1] Kozel read defendant his *Miranda* rights. Defendant then waived his rights and proceeded to make various incriminating statements, which were reduced to writing. A search warrant for defendant's residence was issued and executed and a number of computers and CDs were seized.

Defendant was subsequently charged by indictment with 34 counts of possessing a sexual performance by a child. Defendant filed an omnibus motion seeking, among other things, to suppress his statements to the police. Following a *Huntley* hearing, County Court determined that defendant was in custody when questioned by Kozel at the police station and suppressed his non-Mirandized statement regarding his Internet service. County Court also suppressed his subsequent statements as fruit of the poisonous tree. The People now appeal.

As a rule, *Miranda* warnings are required once a suspect has been taken into custody (*see People v Doll*, 21 NY3d 665, 670 [2013]; *People v Kenyon*, 108 AD3d 933, 935 [2013], *lv denied* 21 NY3d 1075 [2013]). The standard for determining if a suspect was in custody "is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (*People v Paulman*, 5 NY3d 122, 129 [2005]; *see People v Engelhardt*, 94 AD3d 1238, 1240-1241 [2012], *lv denied* 19 NY3d 960 [2012]; *People v Underdue*, 89 AD3d 1132, 1133-1134 [2011], *lv denied* 19 NY3d 969 [2012]; *People v Hook*, 80 AD3d 881, 882 [2011], *lv denied* 17 NY3d 806 [2011]; *People v Brown*, 77 AD3d 1186, 1186 [2010]). Whether an individual was in custody is a mixed question of law and fact (*see People v Paulman*, 5 NY3d at 129), which is dependent on the circumstances existing when the challenged statements were made, considering such factors as "the location, length and atmosphere of the questioning, whether police significantly restricted defendant's freedom of action, the degree of defendant's cooperation, and whether the questioning was accusatory or investigatory" (*People v Pagan*, 97 AD3d 963, 966 [2012], *lv denied* 20 NY3d 934 [2012]; *see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Vieou*, 107 AD3d 1052, 1053 [2013]; *People v McCoy*, 89 AD3d 1218, 1219 [2011], *lv denied* 18 NY3d 960 [2012]).

In our view, the evidence adduced at the *Huntley* hearing did not support County Court's conclusion that defendant's pre-*Miranda* statements were the result of a custodial interrogation and, therefore, defendant's motion to suppress the statements should have been denied (*see People v McClaney*, 135 AD2d 901,

---

1. Defendant's landlord was the IP subscriber linked to the images.

903 [1987]). Kozel testified at the hearing that he and his partner went to defendant's place of employment in plain clothes and spoke briefly to defendant. However, because the room where they spoke was not private or secure, Kozel asked defendant if he was willing to go to the police station to be questioned "regarding [I]nternet usage."[2] County Court credited Kozel's testimony and concluded that defendant willingly accompanied the investigators and that, at that time, "[d]efendant was not in custody, was not cuffed, and was not placed under arrest."

The testimony further revealed that defendant was brought to a room at the police station where he was interviewed for a total of no more than 30 minutes. During the brief period that preceded the *Miranda* warnings, defendant was not handcuffed or restrained in any manner and the investigators did not do anything to convey that defendant was not free to leave (*see People v Andrango*, 106 AD3d 461, 461 [2013], *lv denied* 21 NY3d 1040 [2013]; *People v Strong*, 27 AD3d 1010, 1012 [2006], *lv denied* 7 NY3d 763 [2006]). Moreover, the two questions that preceded the *Miranda* warnings—the first asked defendant for his address and the second inquired into defendant's Internet service—were investigatory, as opposed to accusatory. Considering the totality of the circumstances, and in light of County Court's determinations that Kozel was "frank, candid, and trustworthy and [that] his testimony had the general force and flavor of credibility," we find that the People met their burden of establishing beyond a reasonable doubt that defendant's pre-*Miranda* statements were not the product of a custodial interrogation (*see People v McCoy*, 89 AD3d at 1220; *People v Underdue*, 89 AD3d at 1133; *People v Pouliot*, 64 AD3d 1043, 1046 [2009], *lv denied* 13 NY3d 838 [2009]; *People v Dillhunt*, 41 AD3d 216, 216-217 [2007], *lv denied* 10 NY3d 764 [2008]; *People v Strong*, 27 AD3d at 1012-1013). As a result, neither defendant's pre-*Miranda* statement nor the statements he made after he voluntarily waived his *Miranda* rights should have been suppressed (*see People v Underdue*, 89 AD3d at 1133).

Peters, P.J., McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted defendant's motion to suppress his statements; motion denied to that extent; and, as so modified, affirmed.

---

**2.** We disagree with defendant's assertion that, by making this statement, the investigators conveyed to defendant that he was the suspect of a crime (*see Stansbury v California*, 511 US 318, 325 [1994]). We also note that this communication took place at a time when defendant concedes he was not in custody.