People v Pittman (2019 NY Slip Op 08733)





People v Pittman


2019 NY Slip Op 08733


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

109676

[*1]The People of the State of New York, Respondent,
v
Henry Pittman, Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Dennis J. Lamb, Troy, for appellant.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.

Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Greene County (Wilhelm, J.), rendered June 23, 2017, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
On March 23, 2016, a police officer and a police sergeant responded to the scene of a reported burglary in the Village of Catskill, Greene County involving the theft of property, including a laptop computer. While going door-to-door to ask neighbors if they had seen anything related to the burglary, the two police officers encountered defendant, who was visiting the tenants of a nearby apartment. One of the tenants told the officer privately that defendant had offered to sell her a laptop, and the sergeant observed a backpack in the apartment containing a laptop computer. Defendant initially disclaimed but ultimately admitted ownership of the backpack. Upon arresting defendant, the officer discovered that defendant's pockets contained pills and narcotics. At the police station, the officer read defendant his Miranda rights and twice confirmed that defendant understood them. The officer then took a written statement from defendant, which had his Miranda rights printed on the form. Defendant did not ask to speak with an attorney.
Defendant was subsequently charged with burglary in the second degree, petit larceny, criminal possession of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the seventh degree, criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana. Defendant moved, among other things, to suppress the oral and written statements he made to law enforcement, the laptop computer seized from him and other physical evidence recovered during the search of his person incident to his arrest. Following a combined Mapp/Huntley hearing, County Court denied his motion. Defendant thereafter entered an Alford plea to attempted burglary in the second degree in full satisfaction of the indictment, and retained his right to appeal. In accord with his plea agreement, defendant was sentenced as a second felony offender to a prison term of five years, with five years of postrelease supervision. Defendant appeals.
Initially, we reject defendant's contention that he was subjected to custodial interrogation at the apartment in violation of his Miranda rights. "A defendant is subjected to custodial interrogation, triggering his or her rights under Miranda, when a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Jeremiah, 147 AD3d 1199, 1200 [2017] [internal quotation marks and citation omitted], lv denied 29 NY3d 1031, 1033 [2017]). The suppression hearing testimony established that the officer left and returned to the apartment twice, did not threaten, handcuff or otherwise restrain defendant, and gave no indication that defendant was not free to leave at any time. Although the officer testified that he at one point followed defendant into the kitchen to prevent him from obtaining a kitchen knife or fleeing, this "unarticulated plan has no bearing on the question whether [defendant] was in custody" (id. at 1201 [internal quotation marks and citations omitted]). Under these circumstances, we conclude that a reasonable person innocent of any wrongdoing would have believed that he or she was free to leave (see People v Jeremiah, 147 AD3d at 1200; People v Vieou, 107 AD3d 1052, 1053 [2013]; People v Hook, 80 AD3d 881, 883 [2011], lv denied 17 NY3d 806 [2011]). We thus reject defendant's argument that all resulting statements and evidence should have been suppressed (see People v Henry, 114 AD3d 1025, 1027 [2014], lv dismissed 22 NY3d 1199 [2014]; People v Vieou, 107 AD3d at 1053; People v Underdue, 89 AD3d 1132, 1133 [2011], lv denied 19 NY3d 969 [2012]).
We similarly reject defendant's alternative contention that the laptop computer was illegally seized without a search warrant and should have been suppressed, along with all evidence seized thereafter. County Court properly found that the officer and the sergeant were invited into the residence by its tenants and that defendant, as a social visitor, had no legitimate expectation of privacy and lacked standing to challenge the seizure of evidence from the premises (see People v Jones, 155 AD3d 1103, 1105 [2017], lv denied, 30 NY3d 1106 [2018]). Hearing testimony established that when the sergeant asked defendant and the tenants about a backpack near the chair where defendant had been sitting, each of the three individuals denied ownership. The sergeant then picked up the backpack, which was open, and observed a laptop computer inside. At that point defendant claimed ownership of the bag and tried unsuccessfully to retrieve it. By disclaiming ownership, defendant "voluntarily waived any privacy expectation that he had in the backpack . . . and, thus, he lacked standing to contest the admissibility of the [evidence] seized from the abandoned backpack" (People v Savage, 59 AD3d 817, 820 [2009], lv denied 12 NY3d 920 [2009]; accord People v Ross, 106 AD3d 1194, 1196 [2013], lv denied 22 NY3d 1090 [2014]; see People v Rose, 149 AD2d 811, 812-813 [1989]). By the time that defendant subsequently asserted ownership of the backpack, the sergeant had lawfully observed the laptop, in plain view, inside of the open backpack (see People v Diaz, 81 NY2d 106, 110 [1993]; People v Cole, 162 AD3d 1219, 1220 [2018], lv denied 32 NY3d 1002 [2018] People v Tracy, 299 AD2d 659, 660 [2002], lvs denied 99 NY2d 629, 630, 632, 633 [2003]). Accordingly, County Court properly denied defendant's motion for suppression of the laptop computer and any other evidence gathered or statements made as a result of its seizure. Defendant's remaining contentions have been examined and found to lack merit.
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.